UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GADDIS                                    CIVIL ACTION

versus                                            NO. 11-1665

N. BURL CAIN, WARDEN                              SECTION: "J" (3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Michael Gaddis, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On October 11, 2006, he was convicted of two counts of

aggravated rape under Louisiana law.[1] On October 19, 2006, he was sentenced on each count to a consecutive term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2] On November 13, 2007, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions.[3] On December 17, 2007, petitioner submitted a related writ application to prison officials for mailing to the Louisiana Supreme Court.[4] On October 10, 2008, the Louisiana Supreme Court denied that application without assigning reasons.[5]

On August 6, 2009, petitioner filed with the state district court an application for post-conviction relief.[6] That application was denied on December 7, 2009.[7] His related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on April 21, 2010,[8] and by the Louisiana Supreme Court on May 27, 2011.[9]

---

[1] State Rec., Vol. IV of V, transcript of October 11, 2005, p. 102; State Rec., Vol. II of V, minute entry dated October 11, 2005; State Rec., Vol. II of V, jury verdict forms.

[2] State Rec., Vol. IV of V, transcript of October 19, 2006, p. 2; State Rec., Vol. II of V, minute entry dated October 19, 2006.

[3] State v. Gaddis, 973 So.2d 21 (La. App. 5th Cir. Nov. 13, 2007) (No. 07-KA-395); State Rec., Vol. V of V.

[4] See Rec. Doc. 13-1, pp. 1-3.

[5] State ex rel. Gaddis v. State, 993 So.2d 1277 (La. 2008) (No. 2008-KH-0156); State Rec., Vol. V of V.

[6] State Rec., Vol. I of V.

[7] State Rec., Vol. I of V, Order dated December 7, 2009.

[8] State v. Gaddis, No. 10-KH-165 (La. App. 5th Cir. Apr. 21, 2010); State Rec., Vol. V of V.

[9] State ex rel. Gaddis v. State, 63 So.3d 992 (La. 2011) (No. 2010-KH-1203); State Rec., Vol. V of V.

On June 24, 2011, petitioner filed the instant federal application for *habeas corpus* relief claiming that he received ineffective assistance of counsel at trial.[10] The state argues that the application is untimely.[11] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[12] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek

---

[10] Rec. Doc. 1.

[11] Rec. Doc. 11.

[12] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

In the instant case, the Court of Appeal affirmed petitioner's convictions on November 13, 2007,[13] and it mailed notice of that judgment to the parties, including petitioner, on that same date.[14] As a result, he had only until December 13, 2007, to seek review of that judgment in the Louisiana Supreme Court. Because he failed to file a writ application with that court within that thirty-day period, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on December 13, 2007. See id. at 317-18. That federal limitations period then expired one year later, i.e. on December 15, 2008,[15] unless the deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-

---

[13] State v. Gaddis, 973 So.2d 21 (La. App. 5th Cir. Nov. 13, 2007) (No. 07-KA-395); State Rec., Vol. V of V.

[14] State Rec., Vol. IV of V, Notice of Judgment and Certificate of Mailing.

[15] Because December 13, 2008, fell on a Saturday, the federal limitations period was extended through the following Monday, December 15, 2008. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

Petitioner's only filing in state court during the one-year limitations period was his Louisiana Supreme Court writ application in case number 2008-KH-0156. However, that application was untimely. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). The state has produced unrebutted evidence showing that petitioner did not submit his Louisiana Supreme Court writ application to prison officials for mailing until December 17, 2007, four days *after* his state filing deadline had expired. The United States Fifth Circuit Court of Appeals expressly and conclusively held in Butler that a petitioner is not entitled to any tolling credit under § 2244(d)(2) for such a filing. As the Court of Appeals explained, "[u]nder that provision it is only state *post-conviction relief proceedings* that cause tolling." Butler, 533 F.3d at 318 (emphasis added). Because petitioner's untimely writ application was filed as part of the *direct review proceedings*, § 2244(d)(2) is simply inapplicable.

In light of the fact that petitioner filed no applications for state post-conviction relief or other collateral review pending at any time from December 13, 2007, through December 15, 2008, he clearly is not entitled to any statutory tolling under § 2244(d)(2).[16]

---

[16] The Court notes that petitioner subsequently filed a state post-conviction application on August 6, 2009. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL

Therefore, this application is timely only if *equitable* tolling is warranted. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence whatsoever demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

For all of the foregoing reasons, the Court finds that petitioner's federal application for *habeas corpus* relief had to be filed by December 15, 2008, in order to be timely. Because his application was filed no earlier than June 24, 2011,[17] it is clearly untimely and should be dismissed on that basis.[18]

---

1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

[17] A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his original application on June 24, 2011. Rec. Doc. 1, p. 13. Therefore, that is the earliest date it could have been given to prison officials for mailing. Because that original application failed to comply with this Court's rules, petitioner also resubmitted a corrected application on or about July 11, 2011. Rec. Doc. 1, p. 6.

[18] Because this federal application is untimely, the Court need not address the state's alternative argument that petitioner's underlying claim is procedurally barred.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petitions for federal *habeas corpus* relief filed by Michael Gaddis be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this fourth day of November, 2011.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.